**Zita McMAHON, Plaintiff,**

v.

**BOARD OF SELECTMEN OF the TOWN OF NEWTOWN et al., Defendants.**

**Civ. No. B–80–496.**

United States District Court, D. Connecticut.

Jan. 23, 1981.

---

538

Frederick W. Krug, Matzkin, Krug & Danen, P. C., Waterbury, Conn., for plaintiff.

Paul E. Pollock, Bai, Pollock & Dunnigan, Bridgeport, Conn., Melvin S. Katz, Mark S. Shipman, Andrew W. Krevolin, Schatz, Schatz, Ribicoff & Kotkin, Hartford, Conn., for defendants.

## MEMORANDUM OF DECISION

EGINTON, District Judge.

Plaintiff, Zita McMahon, brought this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, seeking preliminary and permanent injunctive relief against the defendants, the Board of Selectmen of the Town of Newtown, Connecticut, and Jack Rosenthal, Noris Donlon and Jack McAuliffe, individually and in their official capacities as Selectmen of the Town of Newtown. Plaintiff also seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that the practices of the defendants infringed upon her rights under the First and Fourteenth Amendments. Plaintiff requests that this Court order reinstatement with back pay to her former position as Grants Administrator—Assistant to the First Selectman, and award her actual and punitive damages, as well as attorney's fees and costs.

At a hearing on November 18, 1980, this Court consolidated the application for a preliminary injunction with a trial on the merits, pursuant to Fed.R.Civ.P. 65(a)(2), reserving the issue of damages for a subsequent hearing. The parties on the record in open court then entered into a stipulation as to the following pertinent facts:

1) Plaintiff was hired by the Town of Newtown as Grants Administrator—Assistant to the First Selectman, Jack Rosenthal, in February, 1978. Prior to that time, plaintiff ran unsuccessfully on the same ticket with defendant Rosenthal in 1975 for Second Selectman, and was hired in 1976 by him to work for the town.

2) The Board of Selectmen of the Town of Newtown is an official Board charged with the responsibility for coordinating all Town activities, for keeping under review the present and future needs of the Town, and is authorized to hire staff to execute its functions. The Board is composed of a First Selectman, Jack Rosenthal, who is Chief Executive and Administrative Officer of the Town of Newtown, and Selectmen Noris Donlon and Jack McAuliffe. At all times relevant to this complaint, defendants acted in their official capacities, under color of state law.

3) As Grants Administrator—Assistant to the First Selectman, plaintiff performed a variety of duties set forth in the official job description, Exhibit 1 attached to the complaint. Plaintiff also participated in town matters addressed to the First Selectman, and acted in defendant Rosenthal's behalf in seeking grants and supervising CETA programs, subject to his signature.

4) Throughout plaintiff's association with the Board of Selectmen, she received good to excellent ratings in all phases of her work and was commended for her loyalty, dedication, efficiency, intelligence, initiative, thoroughness and personal qualities.

5) At a regular meeting in January 1980, the Board voted to delegate to defendant Rosenthal the authority to hire, suspend and dismiss.

6) During the summer of 1980, town residents circulated a petition requesting the legislative council to consider a controversial ordinance to limit town budget increases through a formula consisting of income derived from certain sources.

7) Plaintiff, also a member of the Democratic Town Committee, attended an open meeting of the Committee on September 4, 1980, wherein she raised the subject of the proposed ordinance and, in response to a question, stated her opinion. Prior to the meeting plaintiff and defendant Rosenthal had discussed the ordinance and she was aware of Rosenthal's opposition. However, he never told plaintiff to refrain from speaking on the issue.

8) The day following the town meeting, Rosenthal summoned plaintiff to his office and instructed her that thereafter he required plaintiff "to publicly agree with him as First Selectman on matters of substance or remain silent."

9) Upon reflection, plaintiff informed defendant Rosenthal that she would not agree to such a condition of employment, whereupon she was apprised of her imminent termination. Defendant Rosenthal subsequently notified plaintiff in writing of a September, 26, 1980 termination date.

10) Plaintiff thereafter requested reinstatement by the Board, which denied her request, and this action ensued.

Following the November 18, 1980 hearing, the parties submitted thorough and considered briefs, addressing the legal issues presented to this Court. After careful review of the record, stipulated facts and case authority, this Court grants plaintiff's request for an injunction ordering defendants to reinstate her immediately as Grants Administrator—Assistant to the First Selectman of the Town of Newtown, and to award back pay as of September 26, 1980. For the reasons set forth herein, this Court concludes that plaintiff's right to express her individual political beliefs, as guaranteed by the First Amendment, was not outweighed by a state interest sufficient to justify her dismissal for refusing to accept a condition of employment which restricted her speech.

 A public employee may not be dismissed from a job for a constitutionally impermissible reason. *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 283–84, 97 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977); *Perry v. Sindermann*, 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972). When the content of an employee's speech is found to be the substantial or motivating factor in the termination, two additional questions must be asked; first, whether the speech was constitutionally protected and second, whether the employee would have been fired in the absence of the public statement. *See Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Mt. Healthy, supra*, 429 U.S. at 287, 97 S.Ct. at 576. In this case, the additional inquiries must be raised because the parties have stipulated that plaintiff was fired because she refused to abide by the condition that she agree publicly with defendant Rosenthal or remain silent. Thus, it is undisputable that the content of plaintiff's speech at the town meeting and the desire to suppress future remarks were the substantial and motivating factors, if not the exclusive grounds, for her dismissal.

Having found plaintiff's speech to be the primary cause of her dismissal, this Court must decide next whether her speech deserves constitutional protection. This determination is governed by the principles set forth in the Supreme Court's opinion in *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968):

> The problem in any case is to arrive at a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.

Under *Pickering* and its progeny, unless the employee's comments are actually disruptive, single out a specific person as a target, or materially interfere with the performance of an employee's duties, the right to unhampered expression on matters of public salience will prevail. *See, e. g., Van Ooteghem v. Gray*, 628 F.2d 488 (5th Cir. 1980) (plaintiff improperly dismissed for addressing public body on subject of civil rights for homosexuals); *Hickman v. Valley Local School District Board of Education*, 619 F.2d 606, 609 (6th Cir. 1980) (absent direct public criticism of superiors, personality conflict generated by protected union activities cannot justify discharge); *Atcherson v. Siebenmann*, 605 F.2d 1058, 1063 (8th Cir. 1979) (improper to silence employee who reveals misappropriation of public funds, despite resulting disharmony); *cf.*

*Serna v. Manzano*, 616 F.2d 1165, 1166 (10th Cir. 1980) (plaintiff's secret tape recording of office conversations caused actual disruption); *Janusaitis v. Middlebury Volunteer Fire Department*, 607 F.2d 17 (2d Cir. 1979) (fireman properly dismissed for verbally attacking very persons with whom he functions in closest coordination).

■ Defendants contend that the smooth functioning of the town will be impaired if plaintiff is allowed to continue her public opposition to the views of her superior, defendant Rosenthal. Moreover, defendants allege that the town residents will presume that plaintiff is espousing the official Board position on the budget ordinance, regardless of her disclaimers that she is stating a personal belief. Not only have defendants failed to substantiate their assertions, but more importantly, they have produced no evidence that plaintiff's speech actually interfered with either the normal operation of town affairs, or with plaintiff's job performance. Nor is there any evidence in the record that plaintiff's remarks were made in such a way that an audience might assume that her comments had the imprimatur of the Board of Selectmen. The only facts provided this Court indicate that plaintiff attended an open meeting and directed her comments to a controversial proposed ordinance. The right to debate such political issues lies at the core of the Free Speech Clause of the First Amendment, no matter how personally objectionable the speech may be to an employer. Under these circumstances, and absent proof of a substantial interference with the Board's activities, this Court finds that the balance tips in favor of awarding plaintiff's speech constitutional protection.

■ Once an employee proves that a dismissal was motivated by the content of protected speech, the burden shifts to the governing entity to prove an independent ground for dismissal. *Mt. Healthy City School District, supra,* 429 U.S. at 287, 97 S.Ct. at 576. Defendants urge that a termination is independently proper where a policymaking employee has irreversibly destroyed an intimate and confidential relationship by adopting a public position contrary to her superior. Even if this assertion were supported by the facts in this case, the recent Supreme Court decision in *Branti v. Finkel*, 445 U.S. 507, 515–16, 100 S.Ct. 1287, 1293, 63 L.Ed.2d 574 (1980), imposes a stringent burden on an employer to justify a dismissal based on conflicting political beliefs. Before the public employee's First Amendment rights can be curtailed, be they rights of speech or of association, the government must show a compelling state interest. *Id.* While the desire to preserve loyalty and confidentiality is a factor in the equation, it is not sufficient to sustain the government's heavy burden of proof. *Id.,* at 518–19, 100 S.Ct. at 1294–95.

■ Admittedly, the facts of *Branti* are distinguishable from those of the instant case, which does not involve a patronage dismissal. Neither plaintiff's party affiliation nor disloyalty were offered as reasons for her termination. To the contrary, plaintiff has always remained on the same ticket as defendant Rosenthal, and been commended for her loyalty in several job evaluation reports. Nevertheless, even if the test of *Branti* (compelling state interest) applies to the instant dispute, the defendants have failed to produce evidence of a vital government interest which would be jeopardized by plaintiff's exercise of her First Amendment rights. Defendants seek to justify the termination on the basis that an important public interest is served by presenting a uniform viewpoint to town residents on controversial public issues. While this interest is legitimate, it does not rise to a level that overrides plaintiff's First Amendment freedoms. Being unable to find a compelling state interest, this Court holds that the dismissal of the plaintiff is constitutionally impermissible.

■ Although the issue of damages has been reserved for a subsequent hearing, plaintiff has requested reinstatement and back pay. The Supreme Court has recently had occasion to address the circumstances which justify reinstatement following a First Amendment violation. In *Mt. Healthy City School District, supra,* 429

U.S. at 284–287, 97 S.Ct. at 574–576, the Court held that not all such violations warrant remedial relief. Rather, it is only when the governing entity would not have dismissed the employee "but for" the protected speech that reinstatement becomes necessary to redress the violation. In this case, the parties have stipulated that plaintiff was a "loyal, dedicated, efficient, [and] highly intelligent employee." No other explanation for the dismissal has been offered by defendants except plaintiff's refusal to comply with a restriction on her speech. Defendants having failed to show by a preponderance of the evidence that the same decision as to plaintiff's employment would have been reached even in the absence of the protected speech, there is no doubt in this Court's mind that remedial relief is appropriate. Accordingly, defendants are hereby ordered to reinstate plaintiff to her position as Grants-Administrator—Assistant to the First Selectman and award her back pay dating from September 26, 1980. A hearing on plaintiff's request for additional monetary damages will be held forthwith.

The foregoing constitutes this Court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

It is So Ordered.